OGAWA, LAU, NAKAMURA & JEW
Attorneys at Law
A Law Corporation

MICHAEL F. O'CONNOR   1098-0
Ocean View Center
Suite 600
707 Richards Street
Honolulu, HI 96813
Telephone Number: (808) 533-3999
mfoconnor@ollon.com

Attorneys for Plaintiff
PEARL ULTRA LOUNGE, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PEARL ULTRA LOUNGE, LLC, a Hawaii limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ITALIAN RESTAURANT #1, LLC., an Arizona company, dba Romano's Macaroni Grill,<br><br>Defendants. | Civil No. CV13-00417 JMS KSC<br>(Other Tort Action)<br><br>**FIRST AMENDED COMPLAINT; SUMMONS** |

7248-002

## FIRST AMENDED COMPLAINT

Plaintiff Pearl Ultra Lounge, LLC, a Hawaii limited liability company, by

and through its attorneys for a First Amended Complaint against Desert Island Restaurants, LLC., an Arizona company, and Italian Restaurant #1, LLC., an Arizona company, as follows:

**FIRST CAUSE OF ACTION**

1. Pearl Ultra Lounge, LLC (hereinafter "Pearl"), is a Hawaii limited liability company which operated the Pearl Ultra Lounge at Space No. 3230 in the Ala Moana Center in Honolulu, Hawaii.

2. Based upon information and belief Pearl originally had and has eleven Members. Of those eleven Members, four Members are residents of the State of Hawaii, three Members are Hawaii limited liability companies, one Member is a Hawaii corporation, one Member is a California limited liability company, one Member is a California corporation and one Member is a Japanese corporation.

3. Plaintiff conducted research to determine the residency of the Members of the three Hawaii limited liability companies and the one Hawaii corporation as follows:

    a. Jon Marie International Incorporation, a Hawaii corporation is owned by resident of Hawaii;

    b. Hart Investment, LLC is a Hawaii limited liability company whose two Members are Hawaii residents;

c. Pearl Entertainment LLC is a Hawaii limited liability company whose original Member was a Hawaii resident who now lives in Texas.

d. JST Holdings LLC is a Hawaii limited liability company whose Member include two residents of Hawaii and a Hawaii limited liability company whose Member is a Hawaii resident.

4. Plaintiff conducted research on the two California companies as follows:

a. Kirkview International LLC, is a California limited liability Company. The agent resident lives in Hacienda Heights, California. The name of the Member was Hiroyuki Seki and he was a resident of California.

b. Le Pin Enterprises, Inc. is a California corporation with mailing address in California and agent residing in California. Plaintiff believes that Rick Nishiwaki is the majority owner and that he lives in Hawaii.

5. The other Member of Pearl is Yokohama Foods USA, Inc., which is a Japanese corporation and has an address in Japan.

6. Defendant Italian Restaurants #1, LLC, is a Arizona limited liability company that has the lease for Romano's Macaroni Grill (hereinafter "Macaroni Grill") at Space No. 4240 in Ala Moana Center in Honolulu, Hawaii.

7. Italian Restaurants #1, LLC is an Arizona limited liability company

formed in Arizona in 2005. Plaintiff's research found that the only Member of Italian Restaurant #1, LLC is Desert Island Restaurants, LLC, an Arizona limited liability company. Both companies have the same mailing address in Arizona.

8. Italian Restaurants #1, LLC, filed a document with the State of Hawaii DCCA listing its address in Arizona. However, the Members listed in 2005, 2006 and 2009 were:

    a. Schoch Revocable Living Trust;

    b. VJM Investments;

    c. Great Hawaii Investment, LLC;

    d. Robert H. Snyder

Plaintiff's research found as follows:

    a. Great Hawaii Investments, LLC, is not a Hawaii company nor registered to do business in Hawaii. Great Hawaii Investments, LLC was registered as an Arizona company in 2004.

    b. VJM Investments is not a Hawaii company nor registered to do business in Hawaii. VJM Investment, LLC is registered as an Arizona company.

9. The Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 USC § 1332. Pearl is a Hawaii company with no ties to Arizona and Macaroni Grill is owned by the Arizona company named above.

10. Pearl has operated a night club at Ala Moana Center since 2007. Macaroni Grill has operated a restaurant, which is located directly above Pearl, since about 2007.

11. Since late 2012, Macaroni Grill has allowed water to emanate from its premises and fall onto and into the ceilings and wall systems of Pearl.

12. This water intrusion was caused by improper drainage, defective or deteriorated floor seals, clogged drains or clogged piping causing overflow onto Pearl's premises.

13. The water intrusions into Pearl's ceiling and wall systems has been pervasive and was not limited to isolated spots at Pearl.

14. The water intrusions into Pearl's ceilings and wall systems caused substantial property damage and allowed for microbial growth to develop, which growth included stachybotrys (known as "toxic black mold").

15. Because Pearl's premises is now infected with stachybotrys or toxic black mold, Pearl was forced to shut down its operation on July 31, 2013 and to make the premises to be "content cleansed", which basically will be the gutting of the interior at Pearl.

16. The content cleansing will cost Pearl approximately $65,000.00 and Pearl must pay consultation costs of $20,000.00 and Pearl will lose approximately $210,000.00 in gross income per month as long as the operation is closed.

17. Pearl's fixed costs in maintaining its lease, in paying its employee and in paying necessary expenses will be approximately $160,000.00 per month.

18. Pearl estimates that the costs to "reconstruct" the interior of Pearl, after the interior is gutted, will be approximately $1,000,000.00.

19. The damages incurred by Pearl were caused by the negligence of Macaroni Grill in the construction, inspection, supervision and/or control of Macaroni Grill's premises and/or in the maintenance of drains and/or pipes or in using defective or deteriorated floor seals or in allowing drains to clog and/or failing to control the water used in cleaning.

## SECOND CAUSE OF ACTION

20. Pearl realleges all preceding paragraphs as though fully set forth herein.

21. In the event that Macaroni Grill does not immediately pay the necessary monies to cover Pearl's fixed expenses and pay the monies to restore Pearl to the way Pearl existed before the water damaged occurred, Pearl will incur the loss of the value of the ongoing business in an amount to be determined at trial.

WHEREFORE, Pearl prays for judgment in its favor and against Macaroni Grill, as follows:

A. That Pearl be awarded all damages proximately caused by Macaroni Grill;

B. That Pearl be awarded pre judgment interest for the damages suffered;

C. That Pearl be awarded its costs and disbursements incurred herein, including attorney fees as allowed by law; and

D. That Pearl be awarded such other and further relief as the court deems just and proper.

DATED: Honolulu, Hawaii, September 24, 2013.

_____
MICHAEL F. O'CONNOR
Attorneys for Plaintiff
PEARL ULTRA LOUNGE, LLC

# UNITED STATES DISTRICT COURT
for the

District of Hawaii

| | |
|---|---|
| PEARL ULTRA LOUNGE, LLC., a Hawaii limited liability company<br>*Plaintiff*<br>v.<br>ITALIAN RESTAURANT #1, an Arizona company, dba Romano's Macaroni Grill<br>*Defendant* | )<br>)<br>)<br>)  Civil Action No. CV13-00417 JMS KSC<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* ITALIAN RESTAURANT #1, LLC., an Arizona company, dba Romano's Macaroni Grill, by and through its Agent, Torkildson, Katz, Moore, Hetherington & Harris, Attorneys At Law, A Law Corporation
700 Bishop Street, 15th Floor
Honolulu, Hawaii 96813-4187

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached first amended complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   MICHAEL F. O'CONNOR, ESQ.
Ogawa Lau Nakamura & Jew
600 Ocean View Center, 707 Richards Street
Honolulu, Hawaii 96813
Attorney for Plaintiff
Pearl Ultra Lounge, LLC., a Hawaii limited liability company

If you fail to respond, judgment by default will be entered against you for the relief demanded in the first amended complaint. You also must file your answer or motion with the court.

SUE BEITIA

CLERK OF COURT

Date: SEP 24 2013

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: