OGAWA, LAU, NAKAMURA & JEW
Attorneys at Law
A Law Corporation

MICHAEL F. O'CONNOR   1098-0
Ocean View Center
Suite 600
707 Richards Street
Honolulu, HI 96813
Telephone Number: (808) 533-3999
mfoconnor@ollon.com

Attorneys for Plaintiff
PEARL ULTRA LOUNGE, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PEARL ULTRA LOUNGE, LLC, a Hawaii limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ITALIAN RESTAURANT #1, LLC., an Arizona company, dba Romano's Macaroni Grill, and GGP ALA MOANA L.L.C., a Delaware limited liability company,<br><br>Defendants. | Civil No. CV13-00417 JMS KSC<br>(Other Tort Action)<br><br>**SECOND AMENDED COMPLAINT; SUMMONS** |

7248-002

## SECOND AMENDED COMPLAINT

Plaintiff Pearl Ultra Lounge, LLC, a Hawaii limited liability company, by

and through its attorneys for a Second Amended Complaint against Italian Restaurant #1, LLC., an Arizona company, and GGP Ala Moana, L.L.C., a Delaware limited liability company, as follows:

**FIRST CAUSE OF ACTION**

1. Pearl Ultra Lounge, LLC (hereinafter "Pearl") is a Hawaii limited liability company which operated the Pearl Ultra Lounge at Space No. 3230 in the Ala Moana Center in Honolulu, Hawaii.

2. Based upon information and belief Pearl originally had and has eleven Members. Of those eleven Members, four Members are residents of the State of Hawaii, three Members are Hawaii limited liability companies, one Member is a Hawaii corporation, one Member is a California limited liability company, one Member is a California corporation and one Member is a Japanese corporation.

3. Plaintiff conducted research to determine the residency of the Members of the three Hawaii limited liability companies and the one Hawaii corporation as follows:

   a. Jon Marie International Incorporation, a Hawaii corporation is owned by resident of Hawaii;

   b. Hart Investment, LLC is a Hawaii limited liability company whose two Members are Hawaii residents;

      c. Pearl Entertainment LLC is a Hawaii limited liability company whose original Member was a Hawaii resident who now lives in Texas.

      d. JST Holdings LLC is a Hawaii limited liability company whose Member include two residents of Hawaii and a Hawaii limited liability company whose Member is a Hawaii resident.

    4. Plaintiff conducted research on the two California companies as follows:

      a. Kirkview International LLC, is a California limited liability Company. The agent resident lives in Hacienda Heights, California. The name of the Member was Hiroyuki Seki and he was a resident of California.

      b. Le Pin Enterprises, Inc. is a California corporation with mailing address in California and agent residing in California. Plaintiff believes that Rick Nishiwaki is the majority owner and that he lives in Hawaii.

    5. The other Member of Pearl is Yokohama Foods USA, Inc., which is a Japanese corporation and has an address in Japan.

    6. Defendant Italian Restaurants #1, LLC, is an Arizona limited liability company that has the lease for Romano's Macaroni Grill (hereinafter "Macaroni Grill") at Space No. 4240 in Ala Moana Center in Honolulu, Hawaii.

    7. Italian Restaurants #1, LLC is an Arizona limited liability company

formed in Arizona in 2005. Plaintiff's research found that the only Member of Italian Restaurant #1, LLC is Desert Island Restaurants, LLC, an Arizona limited liability company. Both companies have the same mailing address in Arizona.

8. Italian Restaurants #1, LLC, filed a document with the State of Hawaii DCCA listing its address in Arizona. However, the Members listed in 2005, 2006 and 2009 were:

    a. Schoch Revocable Living Trust;

    b. VJM Investments;

    c. Great Hawaii Investment, LLC;

    d. Robert H. Snyder

Plaintiff's research found as follows:

    a. Great Hawaii Investments, LLC, is not a Hawaii company nor registered to do business in Hawaii. Great Hawaii Investments, LLC was registered as an Arizona company in 2004.

    b. VJM Investments is not a Hawaii company nor registered to do business in Hawaii. VJM Investment, LLC is registered as an Arizona company.

9. GGP Ala Moana L.L.C., (hereinafter "GGP") is a Delaware limited liability company.

10. The Court has jurisdiction over this matter based upon diversity of citizenship pursuant to 28 USC § 1332. Pearl is a Hawaii company with no ties to Arizona or Delaware, GGP is a Delaware limited liability company, Macaroni Grill is owned by the Arizona company named above.

11. GGP owns and/or operates the Ala Moana Center.

12. On or about February 23, 2005 GGP entered into a Lease with Pearl Entertainment, LLC for space No. 3230, which space was used to operate the Pearl Ultra Lounge.

13. On October 1, 2010, GGP recognized Pearl Ultra Lounge, LLC to be the correct Lessee and Pearl Ultra Lounge, LLC. assumed all of the obligations of the Lessee in the Lease.

14. GGP also issued a Lease to Macaroni Grill.

15. Since 2008 or so Macaroni Grill has allowed water to leave its premises and fall into and onto the ceilings and walls of Pearl.

16. Pearl has complained to Macaroni Grill and to GGP on numerous occasions that water leaked onto Pearl's premises.

17. The water intrusions were caused by improper drainage, defective or deteriorated floor seals, clogged drains or clogged piping located on Macaroni Grill's premises and caused water to overflow onto Pearl's premises.

18. The water intrusions into and onto Pearl's ceiling and wall systems have been pervasive and were not limited to isolated locations at Pearl.

19. In January 2013, Pearl noticed a substantial water intrusion into Pearl ceilings and noticed that "mold was forming". Pearl notified Macaroni Grill and GGP of this water intrusion and the onset of mold on Pearl's premises.

20. Neither Macaroni Grill nor GGP did anything to stop the flow of water from Macaroni Grill into Pearl or to assist Pearl to repair the damage.

21. Additional water intrusions were noticed at Pearl in April and May 2013 and Pearl noticed that the mold growth was increasing. Pearl notified Macaroni Grill and GGP of these water intrusions.

22. The water intrusion into Pearl's ceilings and wall systems caused substantial property damage and allowed for the microbial growth to develop, which growth included stacysbotrys (known as "toxic black mold").

23. Because Pearl's premises became infected with stachybotrys or toxic black mold, Pearl made a decision to shut down its operation on July 31, 2013 and to make the premises to be "content cleansed", which basically meant that the interior of Pearl would be gutted.

24. Pearl has received no income since August 1, 2013 and Pearl could not pay its rent or pay its key employees or pay other debts. Pearl had to agree to give up possession of the premises on November 30, 2013.

25. Whereas Pearl might have removed the property damage and had the interior cleansed of mold had Macaroni Grill or GGP financially assisted Pearl, neither Macaroni Grill nor GGP assisted Pearl and Pearl has now lost the fair market or sales value of the night club as it existed before the water damage and mold damage.

26. Pearl's loss of the fair market or sales value of Pearl Ultra Lounge was caused by the negligence of Macaroni Grill in the construction, inspection, supervision and/or control of Macaroni Grill's premises and/or the maintenance of drains and/or pipes at Macaroni Grill or in the use of deteriorated floor seals and/or in allowing drains to clog and/or failing to control water used in cleaning at Macaroni Grill.

**SECOND CAUSE OF ACTION**

27. Pearl realleges all preceding paragraphs as though fully set forth herein.

28. GGP is jointly and severally liable to Pearl because GGP failed to provide Pearl with a fit and habitable place to conduct business and/or failed to provide Pearl with quiet enjoyment and/or failed to exercise GGP's ability to force Macaroni Grill to solve its "leaking problem."

29. Pearl's premises were not fit and habitable because water continued to fall into the ceilings and walls from Macaroni Grill, which water allowed microbial

growth to occur. GGP had the legal ability to force Macaroni Grill to solve the leaking problem but GGP ignored complaints made to GGP by Pearl.

30.  GGP allowed Macaroni Grill to leak water into Pearl's premises.

WHEREFORE, Pearl prays for judgment in its favor and against Macaroni Grill and GGP, as follows:

A.  That Pearl be awarded all general and special damages proven at trial;

B.  That Pearl be awarded pre judgment interest for the damages suffered;

C.  That Pearl be awarded its costs and disbursements incurred herein, including attorney fees as allowed by law; and

D.  That Pearl be awarded such other and further relief as the court deems just and proper.

DATED: Honolulu, Hawaii, May 7, 2014.

_____
MICHAEL F. O'CONNOR
Attorneys for Plaintiff
PEARL ULTRA LOUNGE, LLC